**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PRASHANTH RAMACHANDRA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 11-72260 <br><br> Agency No. A89 303 519 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2013[**]
Seattle, Washington

Before:     TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Prashanth Ramachandra ("Petitioner") petitions for review of a final order of

removal of the Board of Immigration Appeals ("BIA").  We have jurisdiction

under 8 U.S.C. § 1252.  Reviewing for substantial evidence, *Cortez-Pineda v.*

*Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010), we deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Petitioner filed a written application for asylum, withholding of removal, and relief under the Convention Against Torture. At his removal hearing, the immigration judge ("IJ") denied Petitioner's application because he found Petitioner not credible. Given his adverse credibility finding, the IJ concluded that Ramachandra had failed to provide credible evidence supporting his applications for relief. On appeal, the BIA affirmed the IJ's adverse credibility finding and concluded that Petitioner had failed to establish any ground for relief.

Substantial evidence supports the adverse credibility determination. First, there was a notable inconsistency between Petitioner's written and oral statements: His written application for asylum and withholding of removal stated that Petitioner had been detained by the Bharatiya Janata Party ("BJP") social activity group, but this allegation was never repeated or supported in any other written statement or at his removal hearing. Because Petitioner claimed eligibility for asylum and withholding of removal on account of persecution by the BJP, the discrepancy regarding his treatment at the hands of the BJP provides support for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (stating that the trier of fact should consider the consistency between the applicant's written and oral statements when assessing credibility); *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) (affirming an adverse credibility finding when the petitioners failed to mention in their written application their participation in a key political

2

demonstration that they later claimed was the basis for their arrests and subsequent persecution).

Second, Petitioner admitted during his removal hearing that he had twice lied to immigration officials in order to obtain visitor's visas to the United States, which further supports the adverse credibility finding. *See Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Third, Petitioner admitted that his true motive for coming to the United States was to receive help from his sister for his degenerative health condition. This admission undercuts Petitioner's allegation of past persecution and fear of future persecution, and supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Finally, Petitioner's failure to present corroborating evidence that other individuals in his party were similarly targeted by the BJP, or to show that he could not reasonably obtain such evidence, further supports the adverse credibility finding. *See Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir. 2001) (noting that failure to present corroborating evidence or explain the failure to do so can support an adverse credibility finding), *abrogated by statute on other grounds as stated in Shresta v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010). For these reasons, the adverse credibility determination was supported by substantial evidence.

3

The BIA correctly held that, without credible testimony or other persuasive evidence, Petitioner failed to meet his burden to establish entitlement to asylum, withholding of removal, or protection under the Convention Against Torture.

**Petition DENIED.**